IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CONTRACTOR MANAGING GENERAL INSURANCE AGENCY, INC., | § § § § | |
| *Plaintiff*, | § | |
| v. | § § | CIVIL ACTION NO. 4:20-cv-00996-O |
| GREENLIGHT REINSURANCE, LTD., | § § § | |
| *Defendant.* | § | |

### DEFENDANT GREENLIGHT REINSURANCE, LTD.'S
### MOTION TO DISMISS AND BRIEF IN SUPPORT

Defendant Greenlight Reinsurance, Ltd. ("Greenlight") files its Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, and 28 U.S.C. § 2201.

Plaintiff Contractor Managing General Insurance Agency, Inc. ("Plaintiff") filed a preemptive declaratory judgment suit in Texas state court seeking a declaration that Plaintiff's prior conduct does not constitute a material breach of a Quota Share Reinsurance Agreement (the "Agreement").  In this Court, Plaintiff's strategy is not permitted under the federal Declaratory Judgment Act because Plaintiff fails to plausibly allege an "actual controversy."  Therefore Greenlight asserts Plaintiff has not established this Court has subject matter jurisdiction to enter a declaratory judgment.  Further, Plaintiff asserts no independent cause of action that supports its request for declaratory relief, but instead seeks to re-characterize defenses to Greenlight's potential breach of contract claims as seeking "declaratory relief," which is also not permitted under the federal Act.  Lastly, Plaintiff is not entitled to recover any attorney's fees against Greenlight.

For the reasons set forth herein, Greenlight asks the Court to dismiss Plaintiff's claims.

## TABLE OF CONTENTS

Page

I. SUMMARY OF ARGUMENTS ................................................................................... 1

II. FACTUAL BACKGROUND ....................................................................................... 2

III. LEGAL STANDARDS ................................................................................................ 3

IV. ARGUMENTS AND AUTHORITIES ......................................................................... 5

    A. Plaintiff Fails to Plausibly Allege an "Actual Controversy" that Supports Declaratory Relief ............................................................................................. 5

        1. No "Actual Controversy" exists because Plaintiff has not received a threat of litigation sufficiently specific and concrete to render Plaintiff's declaratory action ripe for judicial intervention ........................ 5

        2. Factual development necessary to contemplate Plaintiff's requested declarations renders Plaintiff's declaratory action unripe ........................ 7

        3. Plaintiff is not permitted to seek a declaration of non-liability for its own past conduct, or future hypothetical conduct ................................ 9

    B. Plaintiff asserts no independent claim, and the federal Declaratory Judgment Act confers no independent cause of action upon Plaintiff ................. 10

    C. Plaintiff is Not Permitted to Recover Attorneys' Fees .......................................... 12

V. PRAYER ..................................................................................................................... 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Arch Reinsurance Co. v. Underwriters Serv. Agency, Inc.*,
 Case No. 2-10-00365-cv, 2012 WL 1432556 (Tex. App.—Fort Worth Apr.
 26, 2012, no pet.) ...................................................................................................................7

*Ashcoft v. Iqbal*,
 556 U.S. 662 (2009) ................................................................................................................3

*Bell v. Bank of Am. Home Loan Servicing LP*,
 Case No. 4:11-cv-02085, 2012 WL 568755 (S.D. Tex. Feb. 21, 2012) .................................11

*CAN Group Life Assurance Co. v. Rhea*,
 Case No. 2005 WL 8158439, 2005 WL 8158439 (N.D. Tex. May 20, 2005)
 (Solis, J.) ...............................................................................................................................11

*Cardinal Chem. Co. v. Morton Int'l, Inc.*,
 508 U.S. 83 (1993) ..................................................................................................................4

*Carter v. Transport Workers Union of America Local 556*,
 353 F.Supp.3d 556 (N.D. Tex. 2019) (Scholer, J.) ..................................................................2

*Connect Insured Telephone, Inc. v. Quest Long Distsance, Inc.*,
 Case No. 3:10-cv-1897-D, 2012 WL 2995063 (N.D. Tex. July 23, 2012)
 (Fitzwater, J.) ..........................................................................................................................9

*De Luna v. Safeco Ins. Co. of Am.*,
 Case No. 2:14-cv-018-AM-CW, 2014 WL 12876396 (W.D. Tex. June 9,
 2014) .....................................................................................................................................12

*Diaz v. Deutsche Bank*,
 Case No. 5:14-cv-121, 2015 WL 12777391 (S.D. Tex. Apr. 14, 2015) ................................10

*Garcia v. Bank of New York Mellon*,
 Case No. 3:12-cv-0062-D, 2012 WL 692099 (N.D. Tex. Mar. 5, 2012)
 (Fitzwater, C.J.) .......................................................................................................................9

*Gasperini v. Center for Humanities, Inc.*,
 518 U.S. 415 (1996) ..............................................................................................................12

*Great-West Life & Annuity Co. v. Petro Stopping Centers, L.P.*,
 Case No. Civ.A. 3:01-cv-1847-G, 2001 WL 1636413 (N.D. Tex. Dec. 18,
 2001) (Fish, J.) ........................................................................................................................9

*Harris Cty., Tex. v. MERSCORP Inc.*,
 791 F.3d 545 (5th Cir. 2015) ................................................................................................11

*Hillwood Development Co., L.L.C. v. Related Companies, Inc.*,
 Case No. 3:04-CV-1100-L, 2006 WL 1140472 (N.D. Tex. Apr. 28, 2006)
 (Lindsay, J.) ................................................................................................................. passim

*Jacquez v. Procunier*,
 801 F.2d 789 (5th Cir. 1986) ..................................................................................................4

## TABLE OF AUTHORITIES

Page(s)

*Kougl v. Xspedius Management Co. of Dallas/Fort Worth, L.L.C.*,
    Case No. Civ.A. 3:04-cv-2518-D, 2005 WL 1421446 (N.D. Tex. June 1,
    2005) (Fitzwater, J.) .................................................................................................... 11

*Martinez v. Reno*,
    Case No. 3:97-cv-0813-P, 1997 WL 786250 (N.D. Tex. Dec. 15, 1997) (Soliz,
    J.) ................................................................................................................................ 2

*Estate of Merkel v. U.S.*,
    Case No. 3:06-cv-1981-D, 2009 WL 2002902 (N.D. Tex. July 9, 2009)
    (Fitzwater, J.) ............................................................................................................ 12

*MetroPCS Wireless, Inc. v. Virgin Mobile USA, L.P.*,
    No. 3:08-CV-1658-D, 2009 WL 3075205 (N.D. Tex. Sept. 25, 2009)
    (Fitzwater, C.J.) .......................................................................................................... 9

*Millenium Petrochemicals, Inc. v. Brown & Root Holdings, Inc.*,
    390 F.3d 336 (5th Cir. 2004) ..................................................................................... 8

*Nat'l Park Hosp. Ass'n v. Dept. of the Interior*,
    538 U.S. 803 (2003) ................................................................................................... 7

*Ondova Ltd. v. Manila Indus., Inc.*,
    513 F. Supp. 2d 762 (N.D. Tex. 2007) (Fitzwater, J.) ............................................... 1

*Orix Credit Alliance, Inc. v. Wolfe*,
    212 F.3d 891 (5th Cir. 2000) ................................................................................. 5, 7

*Phila. Am. Life Ins. Co. v. Turner*,
    131 S.W.3d 576 (Tex.App.—Fort Worth 2004, no pet.) ........................................... 8

*Rowan Cos., Inc. v. Griffin*,
    876 F.2d 26 (5th Cir. 1989) ....................................................................................... 7

*Shields v. Norton*,
    289 F.3d 832 (5th Cir. 2002) ..................................................................................... 4

*Tex. Health and Human Servs. Comm'n v. United States*,
    166 F. Supp. 3d 706 (N.D. Tex. 2016) (Godbey, J.) ............................................... 11

*The Sherwin Williams Co. v. Holmes Co.*,
    343 F.3d 383 (5th Cir. 2003) ..................................................................................... 4

*Travelers Indem. Co. v. Citgo Petroleum Corp.*,
    166 F.3d 761 (5th Cir. 1999) ................................................................................... 12

*United of Omaha Life Ins. Co. v. Region 19 Educ. Serv. Ctr.*,
    No. 3:02-CV-279-D, 2002 WL 1285204 (N.D. Tex. June 4, 2002) (Fitzwater,
    J.) ................................................................................................................................ 9

*Utica Lloyd's of Texas v. Mitchell*,
    138 F.3d 208 (5th Cir. 1998) ............................................................................... 1, 12

# TABLE OF AUTHORITIES

**Page(s)**

*Varela v. Gonzales*,
    773 F.3d 704 (5th Cir. 2014) ...........................................................................................3

*Venator Group Spec., Inc. v. Matthew/Muniot Family, L.L.C.*,
    322 F.3d 835 (5th Cir. 2003) ...........................................................................................4

## Rules and Statutes

28 U.S.C. § 2201 ............................................................................................................1, 4

FED. R. CIV. P. 12(b)(1) ......................................................................................................1

FED. R. CIV. P. 12(b)(6) ...................................................................................................1, 3

# I.
# SUMMARY OF ARGUMENTS

1.  Plaintiff originally asserted a claim under the Texas Declaratory Judgment Act as a "preemptive strike" to gain legal positioning. Following removal, Plaintiff's "action is in effect converted into one brought under the federal Declaratory Judgment Act." *Ondova Ltd. v. Manila Indus., Inc.*, 513 F. Supp. 2d 762, 775 n.12 (N.D. Tex. 2007) (Fitzwater, J.); *Utica Lloyd's of Texas v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998).

2.  First, pursuant to Federal Rules 12(b)(1), 12(b)(6), and 28 U.S.C. § 2201, Plaintiff has not established that the Court has subject matter jurisdiction to hear Plaintiff's declaratory judgment claim because there is no "actual controversy" for three reasons:

    a) Plaintiff had not received a threat of litigation sufficiently specific and concrete to give rise to an "actual controversy" that was ripe for judicial intervention via declaratory judgment;

    b) The factual development required under the cases Plaintiff itself cites in its Original Complaint render its declaratory judgment claims unripe for judicial intervention; and

    c) Plaintiff is not permitted to use a preemptive declaratory judgment filing as a vehicle to seek an advisory opinion of non-liability for past conduct or for hypothetical future disputes.

3.  Second, pursuant to Rule 12(b)(6), Plaintiff's declaratory judgment claim is improper because Plaintiff fails to assert an independent claim upon which declaratory relief is available. A claim for declaratory relief cannot stand on its own, and therefore Plaintiff has failed to state a claim upon which relief may be granted. When considering Plaintiff's allegations, Plaintiff recites contract defenses and then characterizes them as seeking "declaratory relief."

4.  Third, pursuant to Rule 12(b)(6), Plaintiff's claim for attorney's fees fails because the federal Declaratory Judgment Act and case law analyzing that Act do not permit a recovery of attorneys' fees.

## II.
## FACTUAL BACKGROUND

5.    Plaintiff asserts it is engaged in the business of acting as an agent for the issuance of insurance policies as authorized from insurance companies.[1] According to Plaintiff, one such insurance company is State National Insurance Company, a non-party to this litigation who, together with Plaintiff and Greenlight, executed the Quota Share Reinsurance Agreement (the "Agreement") at issue in this dispute.[2]

6.    Under the Agreement, Greenlight agreed to accept all liability under all insurance policies issued by Plaintiff in exchange for all premiums collected by Plaintiff on those policies, subject to certain "provisional commissions" that would be "allowed" Plaintiff under the Agreement, among other fees owed to State National.[3] The provisional commissions are subject to "adjustments" as specified in the Agreement, and when provisional commissions are adjusted, Plaintiff owes what are known as "return commissions" to Greenlight.[4]

7.    On June 19, 2018, Plaintiff alleges Greenlight contacted Plaintiff regarding Plaintiff's failure to calculate and pay return commissions owed as required by the Agreement.[5] Attempts to discuss Plaintiff's behavior led to Plaintiff preemptively filing a declaratory judgment

---

[1] *Pl's Orig. Complaint* at 3, ¶ 9 [Dkt. No. 1-1, PageID 13] (App. 3). A true and correct copy of Plaintiff's Original Complaint is attached hereto as **EXHIBIT 1** for ease of reference.

[2] *Id.* at 3, ¶ 10 [Dkt. No. 1-1, PageID 13] (App. 3); *see also, generally, Agreement* [Dkt. No. 1-1, PageID 20-44] (App. 8-32). A true and correct copy of the Agreement that was attached to Plaintiff's Original Complaint is also attached hereto as **Exhibit 2** for ease of reference. Because Plaintiff attached the Agreement to its Original Complaint, the Court may consider the language of the Agreement in considering this Motion to Dismiss. *See Carter v. Transport Workers Union of America Local 556*, 353 F.Supp.3d 556, 569 (N.D. Tex. 2019) (Scholer, J.) ("The pleadings include the complaint and any documents attached to it."); *Martinez v. Reno*, Case No. 3:97-cv-0813-P, 1997 WL 786250, at *2 (N.D. Tex. Dec. 15, 1997) (Soliz, J.) ("Documents attached to the complaint, however, are considered part of the pleading and not extrinsic evidence.").

[3] *Agreement* at 9, §§ 8.05, 8.06 [Dkt. No. 1-1, PageID 30-31] (App. 18-19).

[4] *Id.*

[5] *Pl's Orig. Complaint* at 4, ¶ 15 [Dkt. No. 1-1, PageID 14] (App. 4); *Agreement* at 9, § 8.06 [Dkt. No. 1-1, PageID 31] (App. 19).

action in Texas state court seeking a declaration that it does not owe return commissions to Greenlight, and that Greenlight should not pursue any claims for them.[6] Plaintiff also seeks to recover "reasonable and necessary attorney's fees" under the Texas Declaratory Judgment Act as set forth in Chapter 37 of the Texas Civil Practice and Remedies Code.[7]

8.  However, Plaintiff asserts no independent, underlying claims or legal theories for which it seeks declaratory relief as a remedy. Specifically, Plaintiff does not assert that Greenlight has breached the Agreement, or committed any other act or omission that may give rise to any form of liability under Texas law, nor could Plaintiff do so under the circumstances.

### III. LEGAL STANDARDS

5.  The federal Declaratory Judgment Act provides Courts with discretion to declare the rights and other legal relations of interested parties "[i]n a case of actual controversy within its jurisdiction." 28 U.S.C. § 2201(a). Therefore, one of the first inquiries for a district court is determining "whether the declaratory judgment action is justiciable." *Hillwood Development Co., L.L.C. v. Related Companies, Inc.*, Case No. 3:04-CV-1100-L, 2006 WL 1140472, at *4 (N.D. Tex. Apr. 28, 2006) (Lindsay, J.) (citing *The Sherwin Williams Co. v. Holmes Co.*, 343 F.3d 383, 387 (5th Cir. 2003). "A declaratory judgment action, like any other action, must be ripe in order to be justiciable, and such action is ripe for adjudication only where an 'actual controversy' exists." *Hillwood Development Co., L.L.C. v. Related Companies, Inc.*, Case No. 3:04-CV-1100-L, 2006 WL 1140472, at *4 (N.D. Tex. Apr. 28, 2006) (Lindsay, J.) (citing *Shields v. Norton*, 289 F.3d 832, 837 (5th Cir. 2002).

---

[6] *Pl's Orig. Complaint* at 5-6, ¶ 21 [Dkt. No. 1-1, PageID 15-16] (App. 5-6).

[7] *Id.* at 6, ¶ 23 [Dkt. No. 1-1, PageID 16] (App. 6).

6. Plaintiff bears the burden to plausibly allege and then prove, by a preponderance of evidence, that an "actual controversy" exists, and to do so must show "a substantial controversy of sufficient immediacy and reality exists between parties having adverse legal interests." *Id.* (citing *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 95 (1993); *Venator Group Spec., Inc. v. Matthew/Muniot Family, L.L.C.*, 322 F.3d 835, 838 (5th Cir. 2003)).

7. A cause of action should be dismissed if it fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcoft v. Iqbal*, 556 U.S. 662, 678 (2009).

8. To plead a facially plausible claim, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. While all well-pleaded facts are accepted as true on a motion to dismiss, mere legal conclusions are not. *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014). Thus, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcoft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). Therefore, dismissal is proper when "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendant to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791–92 (5th Cir. 1986).

## IV.
## ARGUMENTS AND AUTHORITIES

**A.     Plaintiff Fails to Plausibly Allege an "Actual Controversy" that Supports Declaratory Relief.**

9.      Because Plaintiff has failed to plausibly allege an "actual controversy" as required under the federal Declaratory Judgment Act, Plaintiff has failed to establish that this Court has subject matter jurisdiction to entertain its declaratory judgment action pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

> **1.     No "Actual Controversy" exists because Plaintiff has not received a threat of litigation sufficiently specific and concrete to render Plaintiff's declaratory action ripe for judicial intervention.**

10.     "Federal courts do not render advisory opinions." *Hillwood Development Co., L.L.C. v. Related Companies, Inc.*, Case No. 3:04-CV-1100-L, 2006 WL 1140472, at *7 (N.D. Tex. Apr. 28, 2006) (Lindsay, J.).

11.     Plaintiff preemptively filed a complaint for declaratory relief in state court before even the involvement of litigation counsel by Greenlight, and certainly before any threatened litigation. Rather, the majority of Plaintiff's Original Complaint is devoted to reciting language from the Agreement. The Complaint also contains a formulaic recitation of sections of the Texas Declaratory Judgment Act, and includes citations to case law Plaintiff believes supports its argument.

12.     In two sentences, Plaintiff generally alleges Greenlight previously demanded return commissions on or about June 19, 2018, and goes on to allege that Greenlight "re-raises the issue and reasserts its demand" for return commissions "about every 6 to 8 months." *Pl's Orig. Complaint* at 4, ¶ 15 [Dkt. No. 1-1, PageID 14] (App. 4). Although Plaintiff admits it retained legal counsel, it does not allege Greenlight ever did so. Plaintiff also does not allege Greenlight

threatened litigation, identified causes of action that would be pursued, or indicated if or when a lawsuit would be filed.

13. Plaintiff relies upon the Parties' discussions to initiate a declaratory judgment claim. Though not present in this case, "[a] 'threat of litigation, if specific and concrete, can indeed establish a controversy upon which declaratory judgment can be based.'" *Hillwood Development Co., L.L.C. v. Related Companies, Inc.*, Case No. 3:04-CV-1100-L, 2006 WL 1140472, at *5 (N.D. Tex. Apr. 28, 2006) (Lindsay, J.) (citing *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 897 (5th Cir. 2000)). "In other words, if a threat of litigation is specific and concrete, such threat is sufficiently immediate and real to constitute a justiciable controversy that is ripe for adjudication." *Hillwood Development Co., L.L.C. v. Related Companies, Inc.*, Case No. 3:04-CV-1100-L, 2006 WL 1140472, at *5 (N.D. Tex. Apr. 28, 2006) (Lindsay, J.). In this case, Plaintiff fails to plead sufficient facts to give rise to a reasonable inference that an actual controversy exists

14. In *Hillwood Development Co., L.L.C. v. Related Companies, Inc.*, the district court dismissed a similarly preemptive declaratory judgment claim. *Id.* at *9. The plaintiffs attempted to argue that an "actual controversy" existed because, according to the plaintiffs, "[d]efendants threatened litigation … and that [p]laintiffs had a reasonable fear of such litigation." *Id.* at *4-6.

15. The *Hillwood* court dismissed the declaratory judgment claim because, though the parties' negotiations had failed, and though the defendants' executive sent a letter stating plaintiffs were ignoring the terms of the their letter agreement and thus defendants had "no alternative but to pursue other avenues to enforce my rights," this was not enough to give rise to an "actual controversy" for which plaintiffs could preemptively seek declaratory relief. *Id.* at *6. As noted by Judge Lindsay:

> Plaintiffs assume that Defendants' only available course of action was to race to the courthouse and file a lawsuit. Such assumption reads too much into the statement.

> Had [Defendants] stated something along the lines that [Plaintiffs'] position left Defendants no alternative but to pursue a lawsuit, set forth a specific cause of action, and sought damages or some judicial relief, then the "threat" would have been specific and concrete, and the court would likely reach a different result.

*Hillwood Development Co., L.L.C. v. Related Companies, Inc.*, Case No. 3:04-CV-1100-L, 2006 WL 1140472, at *6 n.7 (N.D. Tex. Apr. 28, 2006) (Lindsay, J.).

16. Even if parties have adverse legal interests concerning an agreement, where "they have only engaged in 'saber rattling'" or other "combative language," arguably none of which was present at the time Plaintiff initiated litigation, the "dispute remains academic, instead of grounded in at least a specific and concrete threat," and "there is nothing upon which this court may pass judgment, since '[f]ederal courts do not render advisory opinions.'" *Hillwood Development Co., L.L.C. v. Related Companies, Inc.*, Case No. 3:04-CV-1100-L, 2006 WL 1140472, at *7 (N.D. Tex. Apr. 28, 2006) (Lindsay, J.) (quoting *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 898 (5th Cir. 2000)). Where plaintiffs "have not been sufficiently 'threatened with liability,' their declaratory action is premature, and they are attempting to obtain a declaration before an actual controversy exists.'" *Hillwood Development Co., L.L.C. v. Related Companies, Inc.*, Case No. 3:04-CV-1100-L, 2006 WL 1140472, at *8 (N.D. Tex. Apr. 28, 2006) (Lindsay, J.). (citing *Rowan Cos., Inc. v. Griffin*, 876 F.2d 26, 28 (5th Cir. 1989)).

**2. Factual development necessary to contemplate Plaintiff's requested declarations renders Plaintiff's declaratory action unripe.**

17. In addition to its finding that no "actual controversy" existed, the *Hillwood* court dismissed the plaintiffs' declaratory action because "further factual development would be necessary before the court could seriously contemplate making the declarations Plaintiffs request." *Hillwood*, 2006 WL 1140472, at *8 (citing *Nat'l Park Hosp. Ass'n v. Dept. of the Interior*, 538 U.S. 803, 811 (2003)). Both of the cases Plaintiff cites in its Original Complaint establish that

significant factual development would be necessary before the Court could "seriously contemplate" Plaintiff's declaratory action.[8]

18. The *Arch Reinsurance* opinion Plaintiff cites followed a full jury trial regarding, at least in part, the intent of the parties to an ambiguous, amended reinsurance agreement following full written and deposition discovery. *Arch Reinsurance Co. v. Underwriters Serv. Agency, Inc.*, Case No. 2-10-00365-cv, 2012 WL 1432556, at *10 (Tex. App.—Fort Worth Apr. 26, 2012, no pet.) (citing *Phila. Am. Life Ins. Co. v. Turner*, 131 S.W.3d 576, 588 (Tex.App.—Fort Worth 2004, no pet.)).

19. The *Millenium Petrochemicals* opinion Plaintiff cites notes "Texas courts have made clear that rights or obligations that may have vested or accrued under previous versions of a contract *can only be modified or extinguished through the inclusion of express language that manifests such intent.*" *Millenium Petrochemicals, Inc. v. Brown & Root Holdings, Inc.*, 390 F.3d 336, 342 (5th Cir. 2004) (emphasis added). Plaintiff does not allege any such language in the Agreement or amendments at issue in this case. Thus, the Parties will necessarily conduct the same types of discovery required in the *Arch* case to resolve what is, at best, an ambiguity Plaintiff believes it can argue excuses its liability for breach of the Agreement.

20. Under these circumstances, where further factual development is necessarily required, any dispute "is hypothetical and not suited for judicial determination." *Hillwood Development Co., L.L.C. v. Related Companies, Inc.*, Case No. 3:04-CV-1100-L, 2006 WL 1140472, at *8 (N.D. Tex. Apr. 28, 2006) (Lindsay, J.).

---

[8] *Pl's Orig. Complaint* at 5, ¶18 [Dkt. No. 1-1, PageID 15] (App. 5).

### 3. Plaintiff is not permitted to seek a declaration of non-liability for its own past conduct, or future hypothetical conduct.

21. Practically speaking, Plaintiff perceives a risk that it may finally be held to task for its prior breach. of the Agreement. Thus, Plaintiff seeks a judicial declaration that it did not materially breach the Agreement, and further seeks an opinion from the Court to shield Plaintiff from its future, hypothetical conduct that may also constitute material breaches of the Agreement.

22. Plaintiff "ma[d]e a preemptive strike to place themselves in the best legal position" in light of what were, at the time of Plaintiff's filing, ongoing discussions between the Parties. *Id.* at *8. District courts within the Northern District have repeatedly rejected this strategy.

23. "The purpose of the [federal Declaratory Judgment Act] is not the declaration of non-liability for past conduct." *United of Omaha Life Ins. Co. v. Region 19 Educ. Serv. Ctr.*, No. 3:02-CV-279-D, 2002 WL 1285204, at *3 (N.D. Tex. June 4, 2002) (Fitzwater, J.). The federal Act "confer[s] on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants," and district courts routinely refuse to enter declaratory judgments under the same circumstances before this Court. *Garcia v. Bank of New York Mellon*, Case No. 3:12-cv-0062-D, 2012 WL 692099, at *4 (N.D. Tex. Mar. 5, 2012) (Fitzwater, C.J.); *see Connect Insured Telephone, Inc. v. Quest Long Distsance, Inc.*, Case No. 3:10-cv-1897-D, 2012 WL 2995063, at *9 (N.D. Tex. July 23, 2012) (Fitzwater, J.) (declining to entertain "declaratory judgments when parties have sought to remedy past wrongs"); *MetroPCS Wireless, Inc. v. Virgin Mobile USA, L.P.*, No. 3:08-CV-1658-D, 2009 WL 3075205, at *19–20 (N.D. Tex. Sept. 25, 2009) (Fitzwater, C.J.) (refusing declaratory judgment action where plaintiff "is not seeking to settle an actual controversy before it ripens into a violation of the law, but to obtain a judgment that will substantially involve a declaration that past conduct was not tortious"); *Hillwood Dev. Co.*, 2006 WL 1140472 at *8 (refusing "to declare that Plaintiffs' past conduct did not breach [the contract], as this would be a

declaration of non-liability for past conduct"); *Great-West Life & Annuity Co. v. Petro Stopping Centers, L.P.*, Case No. Civ.A. 3:01-cv-1847-G, 2001 WL 1636413, at *5 (N.D. Tex. Dec. 18, 2001) (Fish, J.) ("The purpose of the Declaratory Judgment Act is not the declaration of non-liability for past conduct, but to … prevent the accrual of avoidable damages").

24. Plaintiff is not seeking to "help the parties avoid damages that might otherwise accrue." *Garcia v. Bank of New York Mellon*, Case No. 3:12-cv-0062-D, 2012 WL 692099, at *4 (N.D. Tex. Mar. 5, 2012) (Fitzwater, C.J.). Plaintiff does not allege it has suffered, or will suffer, any damages at all. Rather, Plaintiff seeks a declaratory judgment that Greenlight should not complain of the damages Plaintiff has itself caused by refusing to honor its agreements. This is not the purpose of the federal Declaratory Judgment Act.

25. Further, any potential, future material breaches of the Agreement are likewise purely "hypothetical," and are not ripe for judicial determination. Return commissions owed under the Agreement are based upon "the ratio of losses incurred to premiums" to be calculated on an ongoing basis "until all losses subject hereto have been fully settled."[9] These "losses" largely encompass payments for claims, judgments or settlements that might be covered by the insurance policies issued by Plaintiff.[10] Therefore, Plaintiff seeks a judicial declaration regarding the rights and obligations of the Parties which, at this stage, are purely hypothetical and concern claims and/or demands that have not yet been asserted, and may never be asserted.

**B.  Plaintiff asserts no independent claim, and the federal Declaratory Judgment Act confers no independent cause of action upon Plaintiff.**

26. Plaintiff does not, and cannot, assert an independent cause of action against Greenlight that supports a declaratory judgment claim. Rather, Plaintiff seeks nothing more than

---

[9] *Agreement* at 9-10, § 8.06 [Dkt. No. 1-1, PageID 30-31] (App. 18-19).

[10] *Id.* at 6, § 5.01 [Dkt. No. 1-1, PageID 30-31] (App. 15).

declaratory relief that is purely duplicative of Greenlight's potential claims against Plaintiff. Therefore, Plaintiff's declaratory judgment claim should be dismissed.

27.  "*Unlike the Texas Declaratory Judgment Act*, the federal Declaratory Judgment Act is a *procedural* device and *does not create independent substantive rights*." *Diaz v. Deutsche Bank*, Case No. 5:14-cv-121, 2015 WL 12777391, at *9 (S.D. Tex. Apr. 14, 2015) (emphasis added). More specifically, unlike the Texas Declaratory Judgment Act, the federal "Declaratory Judgment Act alone does not create a federal cause of action." *Harris Cty., Tex. v. MERSCORP Inc.*, 791 F.3d 545, 552 (5th Cir. 2015). "To obtain relief under the Declaratory Judgment Act, the [Plaintiff] must first identify a cause of action under some other law. *Tex. Health and Human Servs. Comm'n v. United States*, 166 F. Supp. 3d 706, 712 (N.D. Tex. 2016) (Godbey, J.).

28.  Plaintiff has not plausibly alleged any cause of action and cannot do so because, unlike Greenlight, Plaintiff has no such cause of action. *See Bell v. Bank of Am. Home Loan Servicing LP*, Case No. 4:11-cv-02085, 2012 WL 568755, at *8 (S.D. Tex. Feb. 21, 2012) (dismissing declaratory judgment action where plaintiff failed to plausibly allege a viable claim for breach of contract or any other viable claim). Further, permitting Plaintiff to re-plead in an attempt to maintain whatever legal position Plaintiff sought to gain when it first filed suit will be futile.

29.  Even if Plaintiff argues Greenlight's potential claims in this case represent an "actual controversy," Plaintiff's declaratory judgment action must be dismissed because it is purely duplicative of those claims—Plaintiff's lawsuit "merely restate[s] the party's defenses in the form of a declaratory judgment action," and fails to "establish an independent cause of action." *CAN Group Life Assurance Co. v. Rhea*, Case No. 2005 WL 8158439, 2005 WL 8158439, at *2 (N.D. Tex. May 20, 2005) (Solis, J.). Any declaratory judgment action is purely redundant of issues to

be decided in the context of breach of contract claims, and should be dismissed. *Kougl v. Xspedius Management Co. of Dallas/Fort Worth, L.L.C.*, Case No. Civ.A. 3:04-cv-2518-D, 2005 WL 1421446, at *4 (N.D. Tex. June 1, 2005) (Fitzwater, J.) (dismissing as redundant a declaratory judgment claim when questions would be resolved in the context of breach of contract actions).

**C.      Plaintiff is Not Permitted to Recover Attorneys' Fees.**

30.      The Court must also dismiss Plaintiff's request for attorney's fees. "Although the Texas [Declaratory Judgment] Act expressly provides for attorney's fees, it functions solely as a procedural mechanism for resolving substantive 'controversies which are already within the jurisdiction of the courts.'" *Utica Lloyd's of Texas v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998). However, federal courts sitting in diversity apply federal procedural law, not state procedural law. *Id.* (citing *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996)). Therefore, Plaintiff is not entitled to recover attorney's fees under the Texas Declaratory Judgment Act.

31.      The "Federal Declaratory Judgment Act does not itself independently authorize the award of attorney's fees." *Travelers Indem. Co. v. Citgo Petroleum Corp.*, 166 F.3d 761, 772 (5th Cir. 1999). The Fifth Circuit has "ruled that the Texas Act is procedural rather than substantive, and therefore it does not authorize an award of costs in a federal court declaratory judgment diversity action." *Id.* (citing *Utica*, 138 F.3d at 210); *see De Luna v. Safeco Ins. Co. of Am.*, Case No. 2:14-cv-018-AM-CW, 2014 WL 12876396, at *5-6 (W.D. Tex. June 9, 2014) (collecting cases); *Estate of Merkel v. U.S.*, Case No. 3:06-cv-1981-D, 2009 WL 2002902, at *3 (N.D. Tex. July 9, 2009) (Fitzwater, J.) ("The TDJA does not authorize the court to award fees directly based on the TDJA or derivatively through the DJA.").

V.
## PRAYER

For the foregoing reasons, Defendant Greenlight Reinsurance, Ltd. respectfully requests this Court dismiss Plaintiff's claim for declaratory judgment and request for attorney's fees, and for all further relief to which Greenlight may be justly entitled, at law or inequity.

Dated: September 11, 2020

NORTON ROSE FULBRIGHT U.S. LLP

/s/ *John R. Herring*
John R. Herring
State Bar No. 24065410
john.herring@nortonrosefulbright.com

2200 Ross Avenue, Suite 3600
Dallas, TX  75201-7932
Telephone:   (214) 855-8000
Facsimile:   (214) 855-8200

*Counsel for Defendant Greenlight Reinsurance, Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of September, 2020, a copy of this document has been served upon all counsel of record electronically through the Court's Electronic Filing System on those Parties that have consented to such service.

*/s/ John R. Herring*
John R. Herring