**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **CONTRACTOR MANAGING** | § | |
| **GENERAL INSURANCE AGENCY,** | § | |
| **INC.,** | § | |
| | § | |
| **Plaintiff,** | § | **Civil Action No. 4:20-cv-00996-O** |
| | § | |
| **v.** | § | |
| | § | |
| **GREENLIGHT REINSURANCE, LTD.,** | § | |
| | § | |
| **Defendant.** | § | |

## ORDER

Before the Court are Defendant's Motion to Dismiss (ECF No. 6) filed September 11, 2020; Plaintiff's Amended Complaint (ECF No. 7), filed October 2, 2020; Plaintiff's Response (ECF No. 9), filed October 2, 2020; Defendant's Reply and Renewed Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 12), filed October 16, 2020; and Plaintiff's Response (ECF No. 13), filed November 6, 2020. After reviewing the motions, relevant facts, and applicable law, the Court finds the Motions should be **DENIED.**

This declaratory judgment action arises out of a contract dispute. Defendant alleges that the dispute is not yet ripe and should be dismissed. Def's Mot. Dismiss, ECF Nos. 6, 12 ("Federal Rule of Civil Procedure 8(a) requires a plaintiff's pleading to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss the plaintiff's claims under Federal

Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6).

To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier*, 509 F.3d at 675. The Court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. "When there are well-pleaded factual allegations, [the] [C]ourt should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. "Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citations and internal quotation marks omitted).

The dispute is sufficiently ripe because the Complaint states enough facts to show that Plaintiff may be entitled to the relief it requests upon resolution of the facts applied to the

contractual interpretation issue raised by the parties. This issue appears to be better suited for resolution on motions for summary judgment.  Accordingly, Defendant's Motion to Dismiss and Renewed Motion to Dismiss are **DENIED.**

**SO ORDERED** on this **10th day** of **November, 2020**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE